# Crisman *v.* Southwest Central Rural Electric Cooperative Corporation, Appellant.

Argued October 8, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Joseph W. Serene,* with him *Peelor, Serene & Fee,* for appellant.

*James W. Mack, Jr.,* with him *James G. Moore,* for appellees.

Opinion by Mr. Justice Musmanno, November 24, 1959:

Sterle M. Crisman and Loretta M. Crisman, his wife, were the owners of a house in White Township, Indiana County, which perished by fire on February 23, 1957. Personal property belonging to Mr. and Mrs. Crisman and Keith M. Crisman was also destroyed in the conflagration.

The property owners sued the Southwest Central Rural Electric Cooperative Corporation, which supplied electric power to the Crisman property, averring that the fire was caused because a defective transformer suspended from a pole 228 feet from the house, propelled excessive current into the dwelling. The defendant denied liability. The jury returned verdicts in favor of all the plaintiffs, and the defendant appealed.

The plaintiff Sterle M. Crisman testified that on several occasions prior to the day of the fire he heard unusual noises issuing from the transformer and that at times balls of flame shot from the transformer into the ground. He and his wife reported these strange happenings to the defendant company. Mr. Crisman testified that he also told company linemen about the antics of the transformer but that the linemen shrugged off the reports by remarking that the pyrotechnics were probably caused by birds perching on the wires. At no time did the company send anyone to examine the transformer or make any investigation.

On the night of February 23, 1957, while watching television, Crisman fell asleep and later was awakened by the smell of smoke and the sensation of excessive heat. The television had ceased functioning and all lights were extinguished. He opened the door leading into the cellar and fell back before sparks, smoke and flame emanating from the fuse box in a corner of the

basement. He described what he saw: "It just put you in mind of whenever they shoot these rockets in the air on the Fourth of July, you know, that is the way it was coming out."

The plaintiffs called an electrical engineer, L. W. Householder, an expert witness, for an opinion on the cause of the fire. Plaintiffs' counsel put to him a hypothetical question which contained, inter alia, the following: "Assuming . . . that on at least three occasions within six months prior to the date in question here the transformer had been observed and reported to the Company as cracking, throwing fire balls, assuming further that there had been no trouble or difficulty whatever with the house electric current or appliances in the house prior to the date in question, assuming that at a certain time on this certain date the fuse box in the basement of this house was observed to be arcing, or throwing fire, assuming there was no other visible fire in the house, assuming the house was burned down, and assuming further that the Company owning the transformer subsequently and before restoring service after the fire replaced the transformer, do you have an opinion as to what caused that fire?"

This question was objected to by defendant's counsel, and after the objection was overruled, the witness answered: "You mean my opinion on the cause of this arcing; it was high voltage entering the house."

The appellant company contends that Householder had not qualified as an expert. Householder testified that he graduated in electrical engineering from the Ohio University in 1905 and that between that date and the date of the trial he had worked for various firms as electrical engineer and in the administration and management of businesses involving electrical equipment. His occupation in management did not lessen his technical knowledge nor did it take away

what he had acquired over the years in study and practical experience with electrical phenomena. We are satisfied from the record that the Trial Judge did not err in allowing Householder to qualify as an expert in his field.

The appellant also contends for a new trial because the Trial Judge did not charge the jury on the subject of contributory negligence. There is nothing in the record which would suggest that the plaintiffs were negligent in any way. There is no obligation on a plaintiff to negative contributory negligence when it is not in the case. It is the defendant who has the burden of showing that in the wheel of fate, which collapsed as it carried the plaintiff over the road of mishap, a spoke or two had been contributed by the plaintiff himself. There was no such showing in this case. On the contrary, it is quite clear that the plaintiffs were innocent and passive dwellers in their own dwelling when it went up in smoke and flame. Mr. and Mrs. Crisman were completely unaware of what was transpiring in the transformer and fuse box before the bursting and kindling of the fire in the basement. Mrs. Crisman had retired for the night and, as before stated, Mr. Crisman was asleep on the sofa, having dozed off while absorbed in a TV program.

Nor may the plaintiffs be charged with failure to notify the defendant company of defects in its electric installations. It was not denied by the appellant that the plaintiffs had reported the fiery caprices of the ailing transformer. With this overall picture in mind, the Trial Judge apparently concluded, and properly so, that there was no need to charge on contributory negligence.

The law does not deal with phantoms nor does it require the performance of meaningless gestures. A trial judge is not expected to pour words on the wheel

of an empty millstream. To charge on a non-existent issue is to give to the jury an imaginary figure which can only cast flickering lights and shadows on legitimate evidence, thus doing mischief to both the parties in litigation and making possible a verdict founded not on fact but on distorted perspectives.

This Court said in the case of *Sarne v. Baltimore & Ohio R. R. Co.*, 370 Pa. 82: "A new trial will not be granted because the trial judge did not charge on contributory negligence where there is no evidence from which a jury could have found contributory negligence."

The appellant, in addition to seeking a new trial, asks for judgment n.o.v., but the latter request is as barren of meritorious support as the former.

Judgment affirmed.